# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANOTEK, LLC,                               )
                                           )
    Plaintiff,          )
                                           )
    v.                  )     C.A. No. N19C-04-211 JRJ
                                           )
VENTURE EXCHANGE, SCS and                  )
VNX, S.A.,                                 )
                                           )
    Defendants.         )

Date Submitted:    March 26, 2021
Date Decided:     June 22, 2021

## ORDER

Upon consideration of Defendant VNX, S.A's Motion to Dismiss for Lack of Personal Jurisdiction,[1] **IT APPEARS THAT**:

1.    On April 23, 2019, Plaintiff Anotek, LLC ("Anotek"), a Delaware limited liability company, filed a three-count Complaint against Venture Exchange, SCS ("Venture Exchange"), a Luxembourgian business entity.[2] The Complaint asserted various causes of action that allegedly arose out of an agreement between Anotek and Venture Exchange (the "Services Agreement").[3] Paragraph 10 of the Services Agreement provided that Delaware's courts would have jurisdiction to

---

[1] Motion of Defendant VNX, S.A. to Dismiss for Lack of Personal Jurisdiction (Trans. ID. 66117961).

[2] *See generally* Complaint (Trans. ID. 63191539).

[3] *Id.* at ¶¶ 30–46 (alleging claims of Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Unjust Enrichment (in the alterative to Breach of Contract)).

resolve any dispute arising out of the Services Agreement; hence, this Court had personal jurisdiction over Venture Exchange.[4]

2. Venture Exchange failed to timely respond to the Complaint, so Anotek moved for entry of default judgment on October 29, 2019.[5] The Court entered default judgment on November 19, 2019.[6] When it sought to execute on its judgment, Anotek learned that Venture Exchange had been liquidated.[7] Upon further investigation, Anotek came to believe that Venture Exchange had reconstituted itself as Defendant VNX, S.A. ("VNX").[8]

3. On April 8, 2020, after obtaining leave of the Court, Anotek filed an Amended Complaint naming VNX as successor in interest to Venture Exchange.[9] Anotek asserted the same causes of action against VNX that it had asserted against Venture Exchange.[10] Anotek also included several allegations relevant to its claim that VNX is a successor in interest to Venture Exchange.[11] Anotek made many of those allegations on information and belief.[12]

---

[4] *See id.* at ¶ 8. There is no dispute that the Court had personal jurisdiction over Venture Exchange.
[5] Plaintiff's Motion for Entry of Default Judgment Against Defendant (Trans. ID. 64366468).
[6] Order Granting Proposed Order for Entry of Default Judgment (Trans. ID. 64444887).
[7] Motion for Leave to File Amended Complaint, at ¶ 3 (Transaction ID 64620982).
[8] *Id.* at ¶ 4.
[9] Amended Complaint (Trans. ID. 65567030).
[10] *See id.* at ¶¶ 33–38, 50–62.
[11] *Id.* at ¶¶ 39–49.
[12] *Id.* at ¶¶ 39–44.

4. On November 17, 2020, VNX filed the instant Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Superior Court Civil Rule 12(b)(2).[13] VNX argues that Anotek has provided the Court with no "confirmed factual basis" to conclude that the Court has (or might have) personal jurisdiction over VNX.[14] This is because, according to VNX, "all of Anotek's allegations related to personal jurisdiction on a successor liability theory are stated on information and belief."[15] Anotek responds that its Amended Complaint adequately alleges successor liability.[16] And even if it does not, Anotek continues, the Court should allow Anotek to amend its Amended Complaint, conduct jurisdictional discovery, or both.[17]

5. When a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction is proper.[18] But when the plaintiff has not had the benefit of jurisdictional discovery— as is the case here—the plaintiff's burden is only to "make a *prima facie* showing

---

[13] *See generally* Motion of Defendant VNX, S.A. to Dismiss for Lack of Personal Jurisdiction. On January 7, 2021, Anotek filed its Responding Brief. *See generally* Plaintiff's Opposition to Defendant's Motion to Dismiss ("Responding Brief") (Trans. ID. 66234337). On January 21, 2021, VNX filed its Reply Brief. Reply Memorandum in Suppport [sic] of Motion of Defendant VNX, S.A. to Dismiss for Lack of Personal Jurisdiction ("Reply Brief") (Trans. ID. 66271925). On February 15, 2021, the Court held oral argument on VNX's Motion to Dismiss. *See* Judicial Action Form (Trans. ID. 66339826).

[14] Tr. of Oral Arg., at 11:6 (Feb. 15, 2021) (Trans. ID. 66704245).

[15] *Id.* at 7:12–15.

[16] Responding Brief, at ¶ 2.

[17] *Id.*

[18] *Hedger v. Medline Indus.*, 2017 WL 396770, at *2 (Del. Super. Ct. Jan. 27, 2017) (citation omitted).

that the exercise of personal jurisdiction is appropriate."[19]  In determining whether the plaintiff has made that showing, "the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff."[20]

6.     Anotek's theory of personal jurisdiction is based on a substantive claim: that VNX is Venture Exchange's successor entity.[21]  So the Court must touch on the substance of successor liability to resolve the jurisdictional issue.  There are four independent bases for finding successor liability:  (1) "assumption of liability," (2) "*de facto* merger or consolidation," (3) "mere continuation of the predecessor under a different name," and (4) "fraud."[22]  Any one of those bases justifies imposing the liabilities of a predecessor company on a successor company.[23]  Here, that means that the Court must deny VNX's Motion to Dismiss if the Amended Complaint contains well-pleaded factual allegations as to *any* of these bases of successor liability.

---

[19] *Srinivasan Rajamani v. Revways Corp.*, 2019 WL 169316, at *1 (Del. Super. Ct. Jan. 11, 2019) (italics added) (citing *Wiggins v. Physiologic Assessment Servs., LLC*, 138 A.3d 1160, 1164 (Del. Super. Ct. 2016)).

[20] *Id.* (citing *Wiggins v. Physiologic Assessment Servs., LLC*, 138 A.3d 1160, 1165 (Del. Super. 2016)).

[21] *Id.* at *2 ("Delaware law is settled that a successor entity can be subject to personal jurisdiction related to acts of its predecessor entity.").

[22] *Id.* (internal quotation marks omitted) (quoting *Ross v. DESA Holdings Corp.*, 2008 WL 4899226, at *4 (Del. Super. Ct. Sept. 30, 2008)).

[23] *See id.* at *1–2 (denying the defendant's motion to dismiss for lack of personal jurisdiction because plaintiffs adequately pled some—but not all—bases of successor liability).

4

7.    In its Amended Complaint, Anotek alleges that VNX is subject to successor liability under all four bases.[24] In support of that allegation, Anotek makes several factual allegations about the relationship between VNX and Venture Exchange, but it makes most of them on information and belief.[25] VNX has drawn the Court's attention to that qualifier. It has supplied the Court with a number of non-Delaware decisions "standing for the proposition that allegations made on information and belief are insufficient to establish a *prima facie* case of personal jurisdiction."[26] But the Court need not look beyond its own past decisions to address this issue. In *Srinivasan Rajamani v. Revways Corporation*, the plaintiffs pled three bases of successor liability.[27] The vast majority of their supporting allegations were made on information and belief.[28] Nonetheless, the Court found that the plaintiffs

---

[24] Amended Complaint, at ¶ 47.

[25] *Id.* at ¶¶ 39–44.

[26] Letter to Court (Trans. ID. 66353727) (italics added) (enclosing *Carbone v. Deutsche Bank Nat'l Trust Co.*, 2016 WL 4158354 (D. Md Aug. 5, 2016); *Transducer Sys. v. STFO Trading LLC*, 2009 WL 10700319 (C.D. Cal. Oct. 15, 2009); *Neewra, Inc. v. Manakh Al Khaleej Gen. Trading & Contr. Co.*, 2004 WL 1620874 (S.D.N.Y. July 20, 2004); *Bauer v. Douglas Aquatics, Inc.*, 698 S.E.2d 757 (N.C. App. 2010)).

[27] *See Srinivasan Rajamani v. Revways Corp.*, 2019 WL 169316, at *1–2 (Del. Super. Ct. Jan. 11, 2019).

[28] Complaint, *Srinivasan Rajamani v. Revways Corp.*, C.A. No. N18C-07-196 FWW (Trans. ID. 62260744), at ¶ 11 ("Upon information and belief, beginning in or around the Spring 2015, Revways' owner, Arbas Ahmed Siddiqui ("Siddiqui") began taking the proceeds from Plaintiffs' work and applying it to another investment (if not more than one) unrelated to Revways."); *id.* at ¶ 12 ("Further, upon information and belief, Siddiqui began siphoning money outside of the United States in order to avoid liabilities within the United States, including but not limited to the money owed to Plaintiffs."); *id.* at ¶ 19 ("Upon information and belief, Siddiqui eventually abandoned Revways and began operating Feaura."); *id.* at ¶ 20 ("Upon information and belief, Feaura performs the same work that Revways had."); *id.* at ¶ 21 ("Upon information and belief, Siddiqui was the sole owner, shareholder, and officer of Feaura and is the sole owner, shareholder, and officer of Feaura."); *id.* at ¶ 22 ("Upon information and belief, Siddiqui abandoned Revways – and

5

adequately pled successor liability and, for that reason, denied the defendant's motion to dismiss for lack of personal jurisdiction.[29]

8.      Next, not all of Anotek's allegations relating to successor liability are made on information and belief.  Namely, Paragraph 45 contains specific factual allegations in support of the "mere continuation" basis of successor liability:

> By way of example and not limitation, Plaintiff states the following in support of the allegation that VNX, S.A. is a mere continuation of Venture:
>   a. VNX, S.A. uses the same website, VNX.IO, as Venture.
>   b. The Board of Directors for VNX, S.A. are the same individuals who served on the Board of Directors for Venture.
>   c. VNX, S.A. has published a white paper on its website which is virtually identical to a document prepared by Plaintiff in conjunction with Venture.[30]

Assuming that these allegations are true—as the Court must—Anotek's allegation about the shared members of the companies' boards of directors suggests that there is a "continuity of ownership or control" between the companies, which is an indication of "mere continuation."[31]  The Court therefore finds that Anotek has satisfied its low bar:  to make a *prima facie* showing that exercising personal

---

began operating through Feaura – to avoid liabilities associated with Revways."); *id.* at ¶ 24 ("Upon information and belief, Feaura now possesses all, or most of, Revways' assets, which by-in-large consist of goodwill, propriety information such as draft agreements, customer lists, and other business contacts, and inexpensive computer-related equipment."); *id.* at ¶ 25 ("Upon information and belief, Revways does not currently operate any business or own any assets.").

[29] *See Rajamani*, 2019 WL 169316, at *1.

[30] Amended Complaint, at ¶ 45.

[31] *Ross v. Desa Holdings Corp.*, 2008 WL 4899226, at *4 (Del. Super. Ct. Sept. 30, 2008) (citation omitted).

jurisdiction over VNX is appropriate. Because of this finding, and because this case mirrors *Rajamani* in all relevant ways, VNX's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant VNX, S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**.

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____
Jan R. Jurden, President Judge

cc: Prothonotary